**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

ALLQUEST ADMINISTRATIVE SERVICES, LLP,            PLAINTIFF,

VS.            CIVIL ACTION NO. 2:07CV096-P-A

CLEVELAND PCH RESIDENTIAL LIVING, LLC,            DEFENDANT.

**FINAL JUDGMENT**

These matters come before the court upon Allquest Administrative Services, LLP's motion for summary judgment [21] and Cleveland PCH Residential Living, LLC's cross-motion for summary judgment [23]. After due consideration of the motions, the responses thereto, and the underlying agreements, the court finds as follows, to-wit:

For the following reasons, the court concludes that AllQuest's motion for summary judgment should be denied, while Cleveland PCH's cross-motion for summary judgment should be granted.

First, the subject March 13, 2003 "Nonnegotiable Subordinated Note" expressly limits payments, whether interest or principal payments, in the following way: "This Subordinated Note may be paid **only** from the moneys deposited in the Developer Note Account of the Surplus Fund created under the [January 1, 2003, "First" Trust] Indenture."

Second, Section 503(b) of the January 1, 2003 First Trust Indenture, referenced by the Note, defines the Developer Note Account of the Surplus Fund as "an amount, if any, such that after the transfer of such amount, the Insured Asset/Liability Ratio is 101%...."

Third, the First Trust Indenture was replaced by a second Trust Indenture on December 1, 2005 which in turn was replaced by the third Trust Indenture on December 1, 2006. Neither of the subsequent Trust Indentures are shown to have contained a specific reference to the Developer Note

1

Account of the Surplus Fund. However, Cleveland PCH appears to concede in its briefing that the fund still exists as a sub-account of the Surplus Fund which is still referenced in the second and third trust indentures.

Fourth, the Note set the maturity date of the loan for March 13, 2033. In the original Note, the principal was $424,000 and the interest rate was 7%. On August 19, 2004 the parties executed a Note Modification Agreement which only modified the principal to $400,000 and the interest rate to 5%.

Fifth, neither the Note nor the Note Modification Agreement contains or refers to an acceleration clause.

Sixth, it is undisputed that the subject property has been running at a loss since the effective date of the March 13, 2003 Note and that Cleveland PCH has never made "an amount, if any, such that after the transfer of such amount, the Insured Asset/Liability Ratio is 101%."

Seventh, AllQuest has cited no persuasive or mandatory authorities for the proposition that the loan should be accelerated on principals of law or equity.

Accordingly, since the express language of the Note limits payments to moneys from the amounts over an Insured Asset/Liability Ratio of 101%, neither interest nor principal payments on the Note are due. This will remain the case until: (1) Cleveland PCH has an Insured Asset/Liability Ratio over 101%, in which case they must pay interest payments semiannually on January 1 and July 1 over the life of the loan; (2) March 13, 2033 when the entire principal plus remaining interest is due or another of the conditions in the Note are met for prepayment of the principal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Allquest Administrative Services, LLP's motion for summary judgment [21] is

**DENIED**;

(2) Cleveland PCH Residential Living, LLC's cross-motion for summary judgment [23] is **GRANTED**; therefore,

(3) All of the plaintiff's claims are **DISMISSED WITH PREJUDICE**; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 5th day of February, A.D., 2009.

        /s/ W. Allen Pepper, Jr.
        W. ALLEN PEPPER, JR.
        UNITED STATES DISTRICT JUDGE